IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

METROPOLITAN LLOYDS
INSURANCE COMPANY OF TEXAS,
AS SUBROGEE OF THOMAS AND
KRISTA PERDUE;
    Plaintiff,

-vs-

LOUISIANA-PACIFIC
CORPORATION,
    Defendant.

CAUSE NO.:
A-16-CA-00424-SS

## ORDER

BE IT REMEMBERED on the 31st day of August 2017, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court is Defendant Louisiana-Pacific Corporation (LP)'s Motion for Summary Judgment [#21], Plaintiff Metropolitan Lloyds Insurance Company of Texas (Metropolitan)'s Response [#25] in opposition, LP's Reply [#33] in support, Metropolitan's Letter Brief [#43], and LP's Letter Brief [#44].[1] Having reviewed the documents, the governing law, the arguments of counsel at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This case involves a fire at the home of Thomas and Krista Perdue. The Perdues' home contained TechShield, a radiant barrier roofing system manufactured by LP. TechShield is wood roof decking with a layer of thin aluminum and paper glued to the inside of the decking. *See* Mot. Summ. J. [#21-1] Ex. 1 (St. Germain Dep.) at 138:9–15. The aluminum in TechShield

---

[1] The Court also considered LP's Motion to Exclude the Testimony of Ronald Simmons [#22], LP's Motion to Strike Supplemental Report of Ronald Simmons [#23], and Metropolitan's motions for leave to file responses to these motions, which it hereby DENIES as moot in view of this opinion.

helps reduce solar heat gain to keep the home cooler and reduce electricity costs during the summer. *See id.* at 137:8–138:2.

On May 13, 2015, the Perdues' home caught fire during a lightning storm. The Perdues filed a claim with their home insurer, Metropolitan. *See* Mot. Summ. J. [#21-4] Ex. 4 (Metropolitan Claim Notes). Metropolitan had the home inspected by a fire inspector, Mark Howell, who identified the cause of the fire as "lightning energizing the electrical or possible the black pipe gas line causing the cellulose insulation to catch fire and then burning through the roof." *Id.* at 4. Metropolitan paid the Perdues for damage caused by the fire pursuant to their insurance policy.

Following the initial inspection, Metropolitan had the Purdue's home re-inspected by its technical expert, Ronald Simmons. Mr. Simmons issued a report on October 8, 2015, concluding "[t]he fire was caused by the unique combination of electrical and thermal characteristics and behaviors of reflective radiant barrier material when energized by electricity," and "[i]f not for the presence of the reflective radiant barrier in the roof [sic] this house, this fire would not have occurred." Mot. Summ. J. [#21-8] Ex. 8 (Simmons Report) at 10.

On February 29, 2016, Metropolitan filed this lawsuit[4] against LP in the 250th Judicial District Court of Travis County, Texas. *See* Notice Removal [#1-3] Ex. A-2 (Pet.). LP removed the case to this Court on March 1, 2016, invoking the Court's diversity jurisdiction. *See* Notice Removal [#1].

LP filed the instant motion for summary judgment on June 2, 2017, and Metropolitan responded on June 16, 2017. On the same day, LP also moved to exclude the testimony of

---

[4] Metropolitan filed this suit in Thomas and Krista Perdues' names as subrogee of the Purdues. *See* Orig. Pet. ¶ 12 ("Having made payments to, or on behalf of, its insureds, Metropolitan is contractually and/or equitably subrogated to Thomas and Krista Perdues' rights and causes of action and has brought this lawsuit asserting its subrogation rights and causes of action.").

Metropolitan's expert, Ronald Simmons, and moved to strike Simmons' supplemental report. *See* Mot. Exclude [#22]; Mot. Strike [#23]. The Court conducted a hearing on the pending motions on August 31, 2017. The parties subsequently submitted supplemental briefing as requested by the Court at the hearing. *See* Metropolitan's Br. [#43]; LP's Br. [#44].

LP's motion for summary judgment is fully briefed and now ripe for consideration.

## Analysis

### I. Legal Standard

#### A. Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at

586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

LP argues it is entitled to summary judgment because Metropolitan fails to raise a genuine issue of fact on essential elements for all its claims: (1) strict liability – design defect, (2) strict liability – marketing defect, and (3) negligence.[2] Metropolitan counters it has presented evidence as to all elements of its claims.

---

[2] LP also argues Metropolitan failed to raise an issue of material fact as to its breach of implied warranty of merchantability claim. *See* Mot. Summ. J. [#21] at 5. However, the parties have since stipulated to dismissal of this claim with prejudice, and therefore LP's arguments on this point are moot. *See* Stipulation [#24]. Based on the agreed stipulation, Metropolitan's breach of implied warranty of merchantability claim is DISMISSED with prejudice.

As set forth below, the Court finds LP is entitled to summary judgment on each of Metropolitan's causes of action. The Court will address each cause of action in turn.

## A. Strict Liability – Design Defect

To prevail on a design defect case, a plaintiff must show: (1) because of its defective design the product is unreasonably dangerous, (2) a safer alternative design exists, and (3) the defective design was the producing cause of the plaintiffs' injuries. *Flock v. Scripto-Tokai Corp.*, 319 F.3d 231, 236 (5th Cir. 2003). A safer alternative "must substantially reduce the risk of injury and be both economically and technologically feasible." *Gen. Motors Corp. v. Sanchez*, 997 S.W.2d 584, 588 (Tex. 1999). Generally, design defect claims require competent expert testimony, especially in cases such as this one that involve scientific principles beyond the scope of common knowledge. *See Liberty Ins. Corp. v. Caterpillar, Inc.*, 2014 WL 2980275, at *4 (W.D. Tex. July 1, 2014) (citing *Champion v. Great Dane Ltd. P'ship*, 286 S.W.3d 533, 538 (Tex. App.—Houston [14th Dist.] 2009, no pet.)).

LP contends Metropolitan fails to produce evidence of a reasonable alternative design, a design defect, and causation. The Court agrees Metropolitan has failed to present evidence of a reasonable alternative design, and therefore does not consider LP's other arguments.

Metropolitan identifies LP's oriented strand board (OSB) and FlameBlock roof sheathing products, and Solec's LO/MIT radiant barrier paint products as reasonable alternative designs to "eliminate fire hazard." Resp. [#25] at 6–9. However, Metropolitan does not offer expert opinion on how these alternative designs substantially reduce the risk of fire as compared to LP's TechShield product. Given the complex electric principles at issue in this case, expert opinion is necessary to assist the trier of fact in evaluating how these alternative designs compare to LP's TechShield product with respect to fire hazard from lightning strikes.

The only expert Metropolitan relies on for alternative design its technical expert, Mr. Simmons.³ *See* Resp. [#25] at 6–9. However, Mr. Simmons conceded in his deposition he has no opinions regarding alternative designs in this case. *See* Mot. Summ. J. [#25-7] Ex. 7 (Simmons Dep.) at 280:18–282:6. As to traditional OSB, Mr. Simmons admitted he has no opinions regarding "statistically significant increased risk of a fire in a home that is struck by lightning when that home has a radiant barrier versus when the home does not have a radiant barrier." *Id.* at 67:14–22. Mr. Simmons offers no opinion on FlameBlock roof sheathing. With regard to Solec's products, Metropolitan references a business letter Mr. Simmons wrote to Solec in which he stated "unlike all of the other radiant barrier materials tested, SOLEC material never ignited." Resp. [#25-13] Ex. 24 (Simmons Letter). Mr. Simmons described his testing of Solec products in this letter as "'preliminary' since the number of samples was very small that the testing was not duplicated," and further that the testing "provides no guarantee of which might occur if the material is exposed to lightning." *Id.* at 2. Although Mr. Simmons' letter to Solec was produced in this case, it was not part of his expert report, and it contains no comparison of Solec's products to LP's TechShield at issue in this case. In sum, Metropolitan has failed to present an expert opinion on how any of its three proposed alternative designs are substantially safer than LP's TechShield product.

LP is entitled to summary judgment as a matter of law on Metropolitan's design defect claim because Metropolitan lacks expert opinion to generate a fact issue as to the existence of a safer alternative design.

---

³ Metropolitan's other experts, Mark Howell and Kelly Colwell, do not offer opinions on alternative designs. *See* Mot. Summ. J. [#21-9] Ex. 9 (Howell Report); *id.* [#21-10] Ex. 10 (Colwell Report).

## B. Strict Liability – Marketing Defect

To prevail on its marketing defect claim, Metropolitan must to show: (1) a risk of harm inherent in the product or which may arise from the intended or reasonably anticipated use of the product; (2) the product supplier actually knew or should have reasonably foreseen the risk of harm at the time the product was marketed; (3) the product contains a marketing defect; (4) the absence of a warning renders the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn must constitute a causative nexus in the product user's injury. *Wright v. Ford Motor Co.*, 508 F.3d 263, 274–75 (5th Cir. 2007).

LP argues Metropolitan has failed to produce any evidence of a marketing defect. Specifically, LP contends Metropolitan's marketing defect claim is a restatement of its design defect claim, Metropolitan has offered no expert testimony for this claim, Metropolitan has failed to establish a lack of warnings or instructions renders TechShield unreasonably dangerous, and Metropolitan has failed to raise an issue of material fact as to causation.

In response, Metropolitan cites evidence it contends supports its marketing defect claim: LP's employee's deposition testimony agreeing warnings against foreseen hazards of its products is a good policy, Mr. Simmons' deposition testimony regarding product testing, LP's expert's deposition testimony agreeing TechShield conducts electricity, a lack of TechShield warnings regarding lightning, and example warnings on LP's TechShield product. Resp. [#25] at 11–13. None of the cited evidence supports the existence of a marketing defect, the absence of a warning that renders TechShield unreasonably dangerous to the consumer, or a causative nexus between LP's failure to warn and the fire damages sustained at the Perdue home.

Because Metropolitan has failed to identify evidence to support all elements of its marketing defect claim, LP is entitled to summary judgment as a matter of law. *See Timoschuk*

*v. Daimler Trucks N. Am., LLC*, 2014 WL 2592254, at *3 (W.D. Tex. June 10, 2014) (granting summary judgment for lack of evidence as to all elements of its marketing defect claims).

C. **Negligence**

Under Texas law, a negligence claim differs from strict product liability claims. "While strict liability focuses on the condition of the product, negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production." *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 437 (Tex. 1997) (citations and quotations omitted). "Negligent design and manufacturing claims are predicated on the existence of a safer alternative design for the product." *Id.* "Absent an alternative design, a claim for negligent design or manufacturing fails as a matter of law." *Id.*

Metropolitan's Original Petition asserts negligence based on LP's "manufacturing, assembly, design, sale and distribution" of its TechShield radiant barrier. Orig. Pet. ¶¶ 32–36. In response to LP's motion for summary judgment, Metropolitan focuses its negligence claim on LP's design of the TechShield product. *See* Resp. [#25] at 14 ("The duty to design a safe product . . ."); *id.* at 15 ("In the design of a product. . ."); *id.* ("But LP did not evaluate the risk inherent in its product design.").[4]

As explained above, Metropolitan has failed to carry its burden of establishing the existence of a safer alternative design to LP's TechShield. Metropolitan's negligence claim fails because a safer alternative design is a predicate to Metropolitan's negligence claim in this case.

---

[4] To the extend Metropolitan contends its negligence claims are based on other LP's actions besides its design and marketing of TechShield, Metropolitan has failed to identify record evidence to support these alternate theories of negligence.

## Conclusion

Accordingly:

IT IS ORDERED that Defendant LP's Motion for Summary Judgment [#21] is GRANTED;

IT IS FINALLY ORDERED that all pending motions in this case are DENIED as moot.

SIGNED this the 20th day of September 2017.

*Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE